**November 5, 2011**

Mr. Eddie Pressley
Reg. No. 70089-053
FMC Devens
P.O. Box 879/Unit P-3
Ayer, MA 01432

United States District Court for the
Eastern District of New York
Theodore Roosevelt U.S. Courthose
225 Cadman Plaza East, Room 1185
Brooklyn, NY 11201-1818

**RE: USA v. PRESSLEY**
**Dist. Ct. No. 03-CR-297(NGG)**

**Dear Clerk:**

Please find eclosed petitoners Motion for appointment of cousnel to be filed in this case. I thank you for you for your time and assistance in advance.

Mr. Eddie Pressley
Mr. Eddie Pressley
#70089-053

c: file/bjw
dnr/bf

IN THE
UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF NEW YORK

EDDIE PRESSLEY,

Defendant-Petitioner,

v.

UNITED STATES OF AMERICA,

Plaintiff-Respondent.

Dist. Ct. No. 03-CR-297-**(NGG)**

**MOTION FOR APPOINTMENT OF COUNSEL EXCLUDING THE PUBLIC DEFENDER'S OFFICE AS CANDIDATE DUE TO CONFLICT OF INTEREST, AND REQUEST MADE FOR THE "RETROACTIVE" 750 AMENDMENT**

**COMES NOW**, the Defendant-Petitioner Eddie Pressley, ("Pressley"), pro-se, and moves this Court per the dictates of Title 18 U.S.C. § 3006(A) Criminal Justice Act, for the aiding and avisement of filing for the retroactive 750 Amendment to the "Fair Sentencing Act of 2010." In support, the following is submitted:

## I. Brief Procedural History

1. July 5, 2009, Petitioner Pressley, filed for a "retroactive" 706 Amendment. That petition is still pending. **See General Docket.**

2. On October 17, 2011, Presssly contacted The Federal Public Defenders Office seeking legal assistance to aid him with obtaining relief. **See Ex. A. Letter to Public Defender.**

3. On October 31, the public Defenders office wrote him a response indicating that it is their belief that Mr. Pressley was not entitled to relief due to the inflated drug amounts that witnesses tetsified to. **See Ex. B. Correspondence from Public Defenders.**

**II. Reason Appoint Counsel Oustide**
**THE PUBLIC DEFENDERS REPRESENTATION**
**DUE TO CONFLICT OF INTEREST**

In the case sub judice, Pressley based his claims upon the "base on" legal theory requirements for getting relief per the the dictates of the 706 Amendment. **See Original § 3582(c)(2) pending petition @ p. 5 citing U.S. v. McGee, 553 F.3d 255 (2nd 2009).** Since that case, several cases have came down supporting this viable legal premises. To name one in particular, **Hameed v. U.S., 641 F.3d 25, (6th Cir. 2010). This particular case advanced Pressley's argument's substantiating** why the retroactive 706 Amendment and now 750 Amendment applies as a matter of law.

Nonetheless, when the Public Defenders Office reviewed Pressley's case, it simply looked at the sentencing transcripts, and this were perfunctory to say this least due to the pending 706 Amendment that thoroughly explains what Petitoner Pressley is entitled to relief.

Bottom line, if Pressley can make a showing that (1) his prison sentence was "based on" a sentencing range produced by reference to § 2D1.1, and (2) that a reduction would be "consistent with applicable polic statements isued by the Sentencing Commission," he is entitled to relief.

It is Pressley's expressed belief, that the first aiding pro-se litigatory adequately sufficed these two requirements in his initial § 3582 request for relief.

However, it is the more his expressed concern, that the Public Defenders of New York does not has his leberty interest

and from the onset of their initial review, they abandoned Pressley leaving him to defend for himself. And given such, the attorney/client relationship has broken down before it even commenced. Simply put, Pressley does not feel confortable with that office representing him in a matter where the lawyers already feel defeated, but if they had of reveiwed the intial § 3582 request, that office would have been constrained to concur that Pressley is entitled relief under the 706 Amendment and the newly implemented 750 Amendment.

In sum, Petitioner Davies alerts this Court of the COnflict of Interest dealing with the Public Defenders of New York, because, that office clearly not going with the law of the case doctrine in accordance with currently plethora of legal standards dealing with "what qualifies a crack cocaine defendant entitlement to relief."

And, given the abdication of duty by these deficient performance attorney's, who must be bogged down with work and unable to thorughly review the case as an whole, Pressley preays that this Court will appoint pro bono copunsel from a law firm who represent's indigent defendant's to handle the first and the second § 3582(c)(2) that must be filed in this case where the law requires a substantially lesser sentence for the crimes he stands convicted of."

## CONCLUSION

**WHEREFORE Petitioner Pressley prays that this Court do not** issue out any rulings concerning the first nor the second § 3582(c)(2) request that has not been filed, until this Court appoint pro bono counsel to review and Supplement the Record as

it shall deem appropriate to suffice justice in this case.

In sum, this is not petitioner's § 3582 "retroactive" 750 Amendment. If this Court do not appoint Counsel, Pressley prays that this Court will alot him by notification enough time to submit a pro-se application for the § 3582 Amendment.

Respectfully,

Mr. Eddie Pressley
Mr. Eddie Pressley
Reg. No. 70089-053
FMC Devens
P.O. Box 879/Unit P-3
Ayer, MA 01432

## CERTIFICATE OF SERVICE

I Eddie Pressley, hereby certify that the foregoing has been served on the counsel for the government Address stipulated below on this 5th, day of November 2011, with the appropriate 1st class postage affixed to me mailed through the U.S. Postal Mailing Service.

Roslynn M. Mauskope
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201

Mr. Eddie Pressley
Mr. Eddie Pressley
Reg. No. 70089-053
FMC Devens
P.O. Box 879/Unit P-3
Ayer, MA 01432

EXHIBIT

"A"

October 17, 2011

Eddie Pressley,
Reg. No. 70089-053
FMC Devens/Unite P-3
P.O. Box 879
Ayer, MA 01432

Federal Public Defender
**Brooklyn Office**
3rd Floor
16 Court Street
Brooklyn, NY 11241

**RE: USA v. PRESSLEY**
**CAse NO. 03-CR-297 (NGG)**

Dear Public Defender:

Currently, I have a 706 Amendment § 3582 pending before the Eastern District of New York. I filed the pleading pro se. However, I have learned that most states district court's appointed the Public Defender's office to represent individuals who qualified for the relief, and the court's went by a itemized list with the crack coaine defendant's that were eligible for release. So, my question is, did our states public defender's office adopt this process, and if so do you have me on that list?

Most recently, the U.S. Sentencing Commission on June 20th, 2011, made the new 2010 "Fair Sentencing Act" bill retroactive and to go into effect on November 1, 2011. Thus, I am requesting that your office seek appointment of counsel to represent me for the § 3582 process.

I am doing the best I can to bring my § 3582 claims before the court. I am not a lawyer, and I am in need of appointment of counsel per the CJA § 3006(A). Because, my first § 3582 petition is pending I request that your office please aid me by filing to the Court indicating that I need and requested that the Court appoint counsel. If there be any CJA forms that needs to be filled out, I request that your office please forward them to me for filling them out.

I do thank you for your time and assistance, and a prompt response would be much appreciated and/or a response at the earliest of your convenience. I look forward to hearing from your office soon.

Respectfully,

Eddie Pressley

Mr. Eddie Pressley
Reg. No. 70089-053

E X H I B I T

"B"

Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brookyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

October 31, 2011

Eddie Pressley
Reg. No. 70089-053
FMC Devens
Ayer, MA 01432

Dear Mr. Pressley:

I write in response to your letter of October 17, 2011 about counsel for crack re-sentencing. By instruction of the Chief Judge of the EDNY I am contacting prior counsel for those potentially eligible for crack re-sentencing and only seeking assignment for the Federal Defenders for those for whom prior counsel is unavailable or unwilling. I am trying to review each potential re-sentence and then contacting the original lawyer. Your case is not on either the list prepared by the U..S. Probation Department or the U.S. Sentencing Commission as eligible.

I have reviewed your sentence minutes and both sides' letters in aid of sentence. It appears to me that in calculating your guidelines Judge Garaufis adopted the PSR finding of responsibility for the equivalent of 32,000 kilos of marijuana (converting the heroin and the crack into marijuana for guidelines purposes) based upon 6 kilos of heroin and 3.5 kilos of crack a year over approximately 20 years. As an alternative, he accepted the government's calculations based upon totalling the specific amounts testified to by informants. This quantity puts you beyond the crack re-sentence limit. That is to say, the new crack guidelines max out at 8.5 kilos. Anybody held responsible for more than 8.5 kilos gets no benefit from the new guidelines. Thus, based upon Judge Graaufis' finding at the original sentence, you are not eligible for re-sentence because there was too much drugs.

Because I fear that you are ineligible for re-sentence, I will not seek assignment to represent you. You may of course continue your pro se application for re-sentence. Further, you may ask Judge Garaufis to appoint counsel to represent you. I will not ask him to appoint us because I do not think you are eligible because he held you responsible for too much drugs.

Sincerely,
Peter Kirchheimer /bp

PETER KIRCHHEIMER
Attorney-in-Charge
(718) 330-1206

PK/bp