UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

    UNITED STATES OF AMERICA

        -against-                              **MEMORANDUM & ORDER**

    EDDIE PRESSLEY,                          03-CR-297-2 (NGG)

               Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

    Defendant Eddie Pressley, appearing <u>pro se</u>, moves this court pursuant to Federal Rule of Criminal Procedure 36 to correct the sentencing record and pre-sentence report ("the PSR") to accurately reflect the drug quantities for which he is responsible (the "Rule 36 Motion").[1] (<u>See</u> Rule 36 Mot. (Dkt. 646).) He also moves for a reduction of his sentence based on a series of amendments to the Sentencing Guidelines that retroactively reduced the base offense levels applicable to certain cocaine base ("crack cocaine") offenses (the "Motions to Reduce Sentence").[2] (1st Mot. to Reduce Sent. (Dkt. 562); 2d Mot. to Reduce Sent. (Dkt. 644); 3d Mot. to Reduce Sent. (Dkt. 714); 4th Mot. to Reduce Sent. (Dkt. 731).) Defendant further requests that the court appoint counsel to assist him with his Motions to Reduce Sentence (the "Motions to Appoint Counsel"). (<u>See</u> Mot. to Appoint Counsel (Dkt. 704); 4th Mot. to Reduce Sent. (seeking appointment of counsel).) For the reasons set forth below, Defendant's Rule 36 Motion, Motions to Reduce Sentence, and Motions to Appoint Counsel are DENIED.

---

[1] Defendant has also moved pursuant to 28 U.S.C. § 2248 to have the claims asserted in his Rule 36 Motion "accepted as true except to the extent that the judge finds from the evidence that they are not true" because the Government has failed to answer this motion. (<u>See</u> Mot. Pursuant to 28 U.S.C. § 2248 (Dkt. 681).)

[2] Defendant seeks identical relief in these four motions.

1

## I. BACKGROUND

On January 31, 2005, Defendant entered a guilty plea to (1) conspiring to distribute and possess with intent to distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841, 846 (Count One of the Third Superseding Indictment (Dkt. 223)); and (2) using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Twenty-Two). (Min. Entry (Dkt. 322).) Although Defendant elected to plead guilty, one of his co-defendants, Robert Price, proceeded to and was convicted at trial—including on Count One of the Third Superseding Indictment. (See Jury Verdict (Dkt. 334).)

Prior to Defendant's sentencing, the U.S. Probation Department ("Probation") prepared the PSR, which calculated Defendant's sentencing exposure under the United States Sentencing Guidelines (the "Guidelines"). (See PSR (Dkt. 714-1 at ECF p.1).) Probation found that Defendant and Price were leaders of a heroin and crack cocaine distribution organization based in the Gowanus Housing Projects (the "Price/Pressley Narcotics Organization"), which was "responsible for the distribution of approximately 6 kilograms of heroin and approximately 3.5 kilograms of crack per year between 1992 and 2003." (Id. ¶¶ 5, 6.) Based on these annual distribution figures, Probation calculated that Defendant was responsible for 66 kilograms of heroin and 33 kilograms of crack cocaine during the course of the 11-year conspiracy. (Id. ¶ 12.)

Under the Guidelines in effect at the time of Defendant's sentencing, an amount of either (1) 1.5 kilograms of crack cocaine; (2) 30 kilograms of heroin; or (3) 30,000 kilograms of marijuana was all that was required to justify a base offense level of 38 (the highest base offense level on the Drug Quantity Table). (See U.S.S.G. § 2D1.1(c)(1) (Nov. 2004).) Probation concluded therefore that Defendant's base offense level was 38 with respect to Count One. (PSR ¶ 17.)

Prior to sentencing, Defendant objected to the drug quantities outlined in the PSR, arguing that the computations were "largely speculative and unsupported, with respect to huge stretches of time, by cooperator testimony." (See Def. Objs. to PSR (Dkt. 356) at 2.) In response to Defendant's objections, the Government maintained that the evidence adduced at Price's trial "clearly established that the defendant and his co-conspirators were distributing well over 3.5 kilograms of crack cocaine and 6 kilograms of heroin per year during the course of the conspiracy." (See Gov't Sent'g Mem. (Dkt. 358) at 3.) It argued that, "[r]egardless of whether the Court accepts the methodology utilized by the Probation Department, or simply aggregates the amount of narcotics sold by each cooperating witness who testified at trial,[3] the result is the same—the defendant's base offense level is a level 38." (Id. at 5.)

At Defendant's sentencing on June 9, 2005, the court determined that Defendant's base offense level was 38. The undersigned stated:

> There was considerable testimony during the trial—and which I credit, certainly by a preponderance, and, in my view, beyond a reasonable doubt—that the drug quantities that were testified to were the actual quantities, at least in those quantities. There may have been others who participated in the conspiracy who didn't testify, who simply pled guilty pursuant to a plea agreement, and we don't have their testimony as to what they did. But I think that whether one chooses to use the calculation of the Probation Department or the more conservative calculation in the government's letter [responding to Defendant's objections to the PSR], . . . a base offense level of 38 is accurate.

---

[3] The Government explained that (1) Wayne Evans testified that, from the end of 1997 to the end of 1998, he sold approximately 1.5 kilograms of crack cocaine every 5 months for the Price/Pressley Narcotics Organization, and 200 grams of crack cocaine per week for a separate 10 month period beginning in 2001; (2) Lewis Ramsey testified that he sold approximately 5 bundles of crack cocaine per day for the Price/Pressley Narcotics Organization from the end of 1997 to the summer of 1998 and again from fall 1998 to 2001; (3) Wayne Evans testified that he sold 23 grams of heroin each day during the 10 month period that he worked for the Price/Pressley Narcotics Organization, amounting to 7 kilograms of heroin; and (4) Carlos Lugo testified that he sold 13.8 grams of heroin per day for the 5 years he worked for the Price/Pressley Narcotics Organization, amounting to 25 kilograms of heroin. (Gov't Sent'g Mem. at 3-4.)

(Sent'g Hr'g. Tr. (Dkt. 417) 15:18-16:4.) The court further concluded that a 4 level enhancement was appropriate for Defendant's role as a leader of the drug-trafficking organization and that Defendant should receive a 2 point reduction for acceptance of responsibility, bringing Defendant's total offense level to 40. (Id. 16:5-15). Based on a criminal history category of I, the court calculated Defendant's Guidelines range as 292 to 396 months' imprisonment for Count One. (Id. 16:23-17:3.) The court found that a Guidelines sentence was appropriate (id. at 22:21-23:6),[4] and sentenced Defendant to 292 months' imprisonment on Count One and a mandatory consecutive term of 60 months' imprisonment on Count Twenty-Two, resulting in a total sentence of 352 months' imprisonment. (J. (Dkt. 363).) The court also imposed two 5-year concurrent terms of supervised release and a special assessment of $200. (Id.)

## II. DISCUSSION

### A. Motion to Correct "Clerical Error"

In his Rule 36 Motion, Defendant requests that the court correct the sentencing record and PSR to accurately reflect the drug quantities for which he claims he is responsible. (See generally Rule 36 Mot.) Defendant argues that it was constitutional error for this court to hold him responsible for certain drug quantities based on testimony adduced at Price's trial. (See id.) Specifically, Defendant asserts that it was a violation of his Sixth Amendment right to confrontation to hold him accountable for any testimony submitted against him at Price's trial. (See id. at 8-9.) Defendant therefore requests that the court conduct an evidentiary hearing to permit him "an opportunity to dispute any drug quantit[y] amounts that were never recorded in

---

[4] Defendant faced a statutory minimum of 120 months' imprisonment for Count One and 60 months' imprisonment for Count Twenty-Two to run consecutive to any other term of imprisonment. (PSR ¶¶ 70-71.)

4

[his] case and [were] relied upon," and in order to "finalize with certainty the drug amounts needed to adjudicate his [motions for a sentencing reduction]." (See id. at 24.)

As a threshold issue, a Rule 36 motion is not the proper vehicle for Defendant to challenge the constitutionality of his sentence. Rule 36 of the Federal Rules of Criminal Procedure authorizes a district judge to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Importantly, the rule "covers only minor, uncontroversial errors," and is not intended "'to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal ha[s] elapsed.'" United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995) (quoting United States v. Jones, 608 F.2d 386, 389 (9th Cir. 1979)). Since his time to appeal his sentence has long passed,[5] the proper vehicle for Defendant to claim error in his original sentencing proceeding is a 28 U.S.C. § 2255 petition. See id. at 349 n.17. While the court has authority to convert Defendant's Rule 36 motion to a Section 2255 petition, see id., it declines to do so here because Defendant's claim is without merit.

The Supreme Court and the Second Circuit have "consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings." United States v. Martinez, 413 F.3d 239, 242 (2d Cir. 2005) (collecting cases). Moreover, "[i]t is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant

---

[5] Defendant appealed his conviction to the United States Court of Appeals for the Second Circuit and argued that he should not have been subject to the statutory minimum and maximum sentences under 21 U.S.C. § 841(b)(1)(A) because he never possessed 50 grams or more of crack cocaine or one kilogram or more of heroin on any one particular occasion. United States v. Pressley, 469 F.3d 63 (2d Cir. 2006). The Second Circuit affirmed his conviction, concluding that because a conspiracy is a "single, unified offense," it is appropriate to "aggregate [the] quantity of all the subsidiary transactions attributable to that particular member" when determining a conspirator's sentence. Id. at 66. This court may not revisit the Second Circuit's findings on this issue.

5

could neither confront nor cross-examine. . . . The fact that some material, upon which the trial judge relied, may have had its source in a judicial proceeding in which appellant was not a defendant or represented by counsel does not bar its use." United States v. Carmona, 873 F.2d 569, 574 (2d Cir. 1989). Considering facts similar to those presented here, the Second Circuit rejected an appellant's argument that the district court erred in imposing a sentence based on a drug quantity that was not proven beyond a reasonable doubt or admitted by the appellant-defendant during his guilty plea allocution. See United States v. Garcia, 167 F. App'x 259, 260 (2d Cir. 2006) (summary order). The panel similarly rejected the appellant's argument that the "district court improperly considered at sentencing the hearsay testimony of a cooperating witness who testified at the trial of [appellant's] co-defendants, in violation of the Confrontation Clause of the Sixth Amendment."[6] Id. at 260-61. Accordingly, Defendant's Rule 36 Motion is denied.

The court also denies Defendant's motion made pursuant to 28 U.S.C. § 2248 (the "Section 2248 Motion"). (See Mot. Pursuant to 28 U.S.C. § 2248 ("§ 2248 Mot.") (Dkt. 681).) Section 2248 provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." Defendant argues that, pursuant to this statute, the court must accept the allegations contained within his Rule 36 Motion as true because the Government has not responded to that motion. (See § 2248 Mot. at 1, 5-6.) Defendant's reliance on Section 2248 is misplaced as the

---

[6] This court previously held that Defendant's claims under Apprendi v. New Jersey, 503 U.S. 466 (2000), are meritless. See Pressley v. United States, No. 08-CV-695 (NGG), 2010 WL 4941478, at *2-3 (E.D.N.Y. Nov. 30, 2010); see also United States v. Garcia, 240 F.3d 180, 183 (2d Cir. 2001) (holding that calculations of drug quantity by a judge that do not result in a sentence above the maximum sentence for an indeterminate quantity of narcotics raise no constitutional issue), cert. denied, 533 U.S. 960 (2001)).

statute, by its text, applies only to habeas corpus proceedings. Defendant's Section 2248 Motion is therefore denied.

## B. Motions to Appoint Counsel

Defendant also has pending motions requesting that the court appoint counsel to represent him in his Motions to Reduce Sentence. (See Mot. to Appoint Counsel; 4th Mot. to Reduce Sent.) On December 10, 2013, the court denied Defendant's two prior requests for appointment of counsel with respect to his Motions to Reduce Sentence. (See Dec. 10, 2013, Mem. & Order (Dkt. 678).) For the reasons stated in the court's December 10, 2013, Memorandum & Order, the court again declines to appoint counsel here.[7] (See id. at 2-3.)

## C. Motions to Reduce Sentence

### 1. Legal Standard

Defendant further moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may modify a term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Amendment 782 to the Guidelines—effective November 1, 2014—modified the base offense levels in the Drug Quantity Table in Section 2D1.1 of the Guidelines, thereby lowering the sentencing range for certain drug-related offenses. See U.S.S.G. Suppl. app. C at 63-73 (2016).

---

[7] Defendant has no constitutional or statutory right to counsel in connection with his motion for a sentencing reduction. United States v. Myers, 524 F. App'x 758, 759 (2d Cir. 2013) (summary order) (noting that the Second Circuit "[has] held that a defendant does not have a right to counsel under the Sixth Amendment in a § 3582(c)(2) proceeding because that right 'extends only through the defendant's first appeal'") (citing United States v. Reddick, 53 F.3d 462, 464 (2d Cir. 1995)). "Reddick also forecloses [the] argument that [a defendant] has a statutory right to counsel [in a § 3582(c)(2) proceeding] under 18 U.S.C. § 3006A(c)." Myers, 524 F. App'x at 759 (citing Reddick, 53 F.3d at 465). Rather, the provision of counsel for resentencing motions is in the discretion of the district court. Reddick, 53 F.3d at 465.

7

Amendment 788 provides that Amendment 782 applies retroactively to defendants sentenced before Amendment 782's effective date. See id. at 85-87.

The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a Section 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); see also United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013) (explaining the two-step inquiry). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable factors under 18 U.S.C. § 3553(a) to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

A defendant is eligible for a reduction when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see Dillon, 560 U.S. at 827 (recognizing that Section 3582(c) requires a court "to follow the [Sentencing] Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification"); U.S.S.G. § 1B1.10(a) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).")

2.   The Amended Drug Quantity Table

Under the Guidelines in effect at the time of Defendant's sentencing, base offense level 38 applied to the following quantities of drugs: 1.5 kilograms or more of crack cocaine; 30 kilograms or more of heroin; or 30,000 kilograms or more of marihuana. U.S.S.G. § 2D1.1(c)(1)

8

(Nov. 2004). Under the current Guidelines, base offense level 38 applies to: 25.2 kilograms or more of crack cocaine; 90 kilograms or more of heroin; or 90,000 kilograms or more of marihuana.[8] See U.S.S.G. § 2D1.1(c)(1) (Nov. 2016).

3. Application

The threshold question is whether Defendant is eligible for a sentencing reduction, i.e. whether the amended Guidelines have the effect of lowering Defendant's Guidelines range for Count One. See U.S.S.G. 1B1.10(a)(1). Defendant argues that he is eligible for a sentence reduction because the court never determined the specific amount of drugs for which he was responsible. (See 1st Mot. to Reduce Sent. at 7.) While the PSR references specific drug quantities, Defendant maintains that "the [c]ourt at the sentencing hearing refused to indicate whether or not it had expressly adopted" those amounts.[9] (Id. at 10.)

The Government maintains that Defendant is responsible for the 33 kilograms of crack cocaine and 66 kilograms of heroin attributed to Defendant in the PSR. (See Gov't Opp'n to 3d

---

[8] Under the Guidelines, a court can combine differing controlled substances to obtain a single offense level by converting each of the drugs to its marihuana equivalent. See U.S.S.G. 2D1.1 cmt. n.8(B).

[9] Defendant makes two additional arguments in support of his Motions to Reduce Sentence. First, he contends that he is eligible for a sentencing reduction because the court "adopted the drug quantity identified in the Presentence Investigation Report and found [him] responsible for a 'marijuana conversion' amount of 132,000 kilograms." (3d Mot. to Reduce Sent. at 2.) Defendant submits that, although the PSR found him responsible for 66 kilograms of heroin and 33 kilograms of crack cocaine, Probation made a mathematical error and determined that 33 kilograms of crack cocaine was equivalent to 66,000 kilograms of marijuana. (See id. at 3 n.1.) In reality, under the then-existing conversion ratio, 33 kilograms of crack cocaine was equivalent to 660,000 kilograms of marijuana. (See PSR ¶ 12.) Nonetheless, Defendant argues that, under the law of the case, he is only responsible for 3.3 kilograms of crack cocaine—the equivalent of 66,000 kilograms of marijuana. (3d Mot. to Reduce Sent. at 3 n.1.) This argument fails. At no time did the court adopt Probation's miscalculation concerning the marijuana equivalency, nor did the court state that Defendant was responsible for only 3.3 kilograms of crack cocaine. (See generally Sent'g Hr'g Tr. (Dkt. 417).)

Second, Defendant insists that he thought he was pleading to possession with the intent to distribute merely 1 kilogram of heroin and 50 grams of crack cocaine based on his plea to "one kilogram or more" of heroin and "50 grams or more" of crack cocaine. (See 1st Mot. to Reduce Sent. at 11.) He argues that he never could have anticipated that "'1 kilogram or more' of heroin would eventually mean 6 kilograms or that '50 grams or more' of crack cocaine would reasonably be determined to mean 3 kilograms." (Id. at 11-12.) Defendant cites no case law— and the court can find none—to support his argument that there was some inherent "reasonableness" cap or limit on the amount of drugs for which he could be held responsible. Defendant's plea created a floor but not a ceiling with respect to the drug quantities. Accordingly, Defendant's second argument also fails.

9

Mot. to Reduce Sent. at 5-6.) In the alternative, the Government avers that the testimony at Price's trial—which the court credited at Defendant's sentencing hearing—establishes that the Price/Pressley Narcotics Organization was responsible "for at least 32 kilograms of heroin" and "well over 8.4 kilograms of cocaine."[10] (Gov't Opp'n to 2d Mot. to Reduce Sent. (Dkt. 672) at 2.) Using either the calculation in the PSR or the quantities of drugs testified to at trial, the Government maintains that Defendant's base offense level and applicable Guidelines range is unaffected by the Guidelines amendment and, therefore, Defendant is ineligible for a sentencing reduction. (Id. at 5.)

The court finds that Defendant is not eligible for a sentencing reduction. While the court did not make an explicit weight determination or expressly adopt Probation's findings in the PSR, the sentencing transcript confirms that the court unequivocally credited the testimony of Defendant's co-conspirators at Price's trial:

> There was considerable testimony during that trial—and which I credit, certainly by a preponderance, and, in my view, beyond a reasonable doubt—that the drug quantities that were testified to were the actual quantities, at least in those quantities.

(Sent'g Hr'g Tr. 15:18-16:3.)

At trial, Wayne Evans testified that while working for the Price/Pressley Narcotics Organization, he sold (1) approximately 10 bundles of crack cocaine each day—i.e. 10 grams—from the end of 1997 to the end of 1998, which amounts to 1.5 kilograms of crack cocaine every 5 months; (2) 200 grams of crack cocaine per week for a separate 10 month period from late Spring 2011 to February 2002; and (3) 7 kilograms of heroin during the same 10 month period. (See Gov't Sent'g Mem. at 3-4 (citing R. Price Trial Tr. ("Tr.") 1257, 1354, 1373, 1379, 1390-

---

[10] At the time the Government filed their opposition to Defendant's second motion for a sentencing reduction, all that was required for a base level 38 was 30 kilograms or more of heroin, 8.4 kilograms or more of crack cocaine, or 30,000 kilograms or more of marihuana. See U.S.S.G. § 2D1.1(1) (2012).

1400).) In sum, Evans's testimony established that he sold approximately 11.6 kilograms of crack cocaine and 7 kilograms of heroin. Lewis Ramsey testified that he sold approximately 5 bundles—i.e. 5 grams— of crack cocaine per day from the end of 1997 to the summer of 1998, and again from fall 1998 to 2001. (See id. at 4; Tr. 625:2-16, 653:16-654:8, 665:14-666:23, 696:21-670:8, 715:10-15.) Ramsey's testimony established that he sold at least 5.55 kilograms of crack cocaine.[11] Carlos Lugo testified that he sold approximately 300 glassines—i.e. 13.8 grams—of heroin each day for the 5 years he worked for the Price/Pressley Narcotics Organization, which amounts to approximately 25 kilograms of heroin. (Gov't Sent'g Mem. at 4 (citing Tr. 218-19, 1774-75, GX 83, 110).) Accordingly, the trial testimony established that Defendant is responsible for at least 32 kilograms of heroin and 17.15 kilograms of crack cocaine.[12] Cf. United States v. Melendez, 679 F. App'x 68, 71 (2d Cir. 2017) (summary order) (noting that where the district court did not make a specific determination as to drug quantities at defendant's sentencing hearing, the district court may use resources such as the trial transcript to determine the quantity of drugs for which defendant should be held responsible).

Under the current drug equivalency table, 1 gram of heroin is equivalent to 1 kilogram of marihuana and 1 gram of crack cocaine is equivalent to 3,571 grams of marihuana. See U.S.S.G. 2D1.1 cmt. n.8(D) (2016). Accordingly, at a minimum, Defendant is responsible for approximately 93,242 kilograms of marijuana—32,000 kilograms of marijuana for the heroin attributable to the Price/Pressley Narcotics Organization and approximately 61,242 kilograms of

---

[11] This estimate assumes that Ramsey sold crack cocaine every day for 37 months—from January 1, 1998 to July 1, 1998; January 1, 1999 to July 31, 2001. Ramsey testified that he was arrested in August 2001 while selling crack cocaine. (Tr. 715:14-21.)

[12] Defendant contends that, "due to the unique circumstances of this case, the [c]ourt should schedule an evidentiary hearing to determine the appropriate remedy for this sentencing anomaly, and thus Defendant's eligibility for a sentence reduction." (Def. Reply to Gov't Opp'n to 3d Mot. to Reduce Sent. (Dkt. 720) at 4.) An evidentiary hearing is not warranted given the court already credited the testimony of the Government's cooperating witnesses at Price's trial. (See Sent'g Hr'g Tr. 15:18-16:3.)

marijuana for the crack cocaine. Under the amended Guidelines, Defendant's base offense level remains 38. See U.S.S.G. § 2D1.1(c)(1). Defendant is therefore ineligible for a sentencing reduction. See id. § 1B1.10(a); United States v. Johnson, 633 F.3d 116, 117 (2d Cir. 2011) (per curiam) ("[A] defendant is eligible to have his sentence modified only if the amended Guidelines provide for a lower sentencing range than did the former Guidelines."). Accordingly, Defendant's Motions to Reduce Sentence are denied.[13]

## III. CONCLUSION

For the foregoing reasons, the following motions are DENIED:

- Defendant's Rule 36 Motion (Dkt. 646);
- Defendant's Section 2248 Motion (Dkt. 681);
- Defendant's Motions to Appoint Counsel (Dkts. 704, 731); and
- Defendant's Motions to Reduce Sentence (Dkts. 562, 644, 714, 731).

---

[13] Defendant also argues that, pursuant to United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), it was error for the court to impose a 60-month sentence for the firearm violation (Count Twenty-Two) consecutive to the 292-month sentence for the drug conspiracy (Count One). (See 1st Mot. to Reduce Sent. at 12.) As an initial matter, a motion for a reduction in sentencing is not the proper vehicle for challenging the legality of a sentence. See United States v. Darco, 377 F. App'x 61, 64 (2d Cir. 2010) (summary order) (holding that the proper vehicle for making such a challenge is a motion pursuant to 28 U.S.C. § 2555). Notwithstanding, the court finds Defendant's argument lacks merit. Whitley prohibited "the imposition of [mandatory minimum sentences under 18 U.S.C. § 924(c)(1)(A)] if a defendant is also subject to another, longer mandatory minimum," United States v. Lee, 660 F. App'x 8, 22 (2d Cir. 2016) (summary order), but that decision has since been abrogated by the Supreme Court's decision in Abbott v. United States, 562 U.S. 8 (2010). See United States v. Tejada, 631 F.3d 614, 619 (2d Cir. 2011) (recognizing abrogation). In Abbott, the Court interpreted the "except" clause in § 924(c) to mean that a defendant is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." 562 U.S. at 13 (emphasis added). "[A] defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Id. (emphasis added). For example, a court can sentence a defendant to a mandatory consecutive sentence for a violation of § 924(c) even though that defendant is already subject to higher mandatory minimum sentence for a separate drug-trafficking offense. See id. at 14, 28 (affirming defendant's sentence of 11 years and 5 months for drug trafficking offense, which carried a 10-year mandatory minimum, and an additional 5-year sentence for a § 924(c) violation). Accordingly, Defendant's sentence is plainly permissible under Abbott.

The Clerk of Court is respectfully DIRECTED to mail a copy of this Order to Defendant at his last known address: Federal Medical Center, Devens, P.O. Box 879, Ayer, MA 01432.

SO ORDERED.

Dated: Brooklyn, New York
August 23, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge