

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
UNITED STATES

-against-

EDDIE PRESSLEY and
ROBERT PRICE,

Defendants.
---------------------------------------------------------------------X

**MEMORANDUM & ORDER**

03-CR-297-2 (NGG)
03-CR-297-3 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are Defendants' motions to reduce their sentences pursuant to the First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222 (the "First Step Act"). (*See* Pressley Mot. to Reduce Sentence (Dkt. 784); Pressley Suppl. Mot. to Reduce Sentence (Dkt. 795); Mem. in Supp. of Pressley Suppl. Mot. to Reduce Sentence ("Pressley Mot.") (Dkt. 801)[1]; *see also* Price Mot. to Reduce Sentence (Dkt. 791); Price Suppl. Mot. to Reduce Sentence ("Price Mot.") (Dkt. 797); Resp. in Further Supp. of Mot. to Reduce Sentence (Dkt. 800).)[2]

The Government opposes the motions, arguing that Defendants are ineligible for relief under the First Step Act. (*See* Gov't Mot. in Opp. to Pressley Mot. ("Gov't Opp. to Pressley") (Dkt. 787); Gov't Mot. in Opp. to Price Mot. ("Gov't Opp. to Price") (Dkt. 799).) As to Mr. Price, the Government also argues that the court should exercise its discretion to deny his request for a reduced sentence even if he is eligible under the First Step Act. (*See* Gov't Opp. to Price.)

---

[1] The Federal Defenders originally submitted their memorandum in support "as a friend to Mr. Pressley and to the court" (Pressley Mot. at 1), but they have since entered a notice of appearance on Mr. Pressley's behalf. (*See* Not. of Appearance (Dkt. 802).)

[2] Also pending before the court is Mr. Pressley's letter motion requesting the appointment of counsel. (Pressley Mot. to Appoint Counsel (Dkt. 788).) Because Mr. Pressley is now represented, his motion to have counsel appointed is DENIED as moot.

1

For the reasons explained below, the court finds that Defendants are eligible for sentence reductions under the First Step Act, and GRANTS Defendants' motions. The court will hold in-person hearings for each Defendant prior to imposing reduced sentences under the First Step Act.

I. BACKGROUND

A. Eddie Pressley

On January 31, 2005, Mr. Pressley pleaded guilty to one count of Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and Heroin (Count 1) in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 841(b)(1)(A)(iii) and one count of Use of a Firearm During the Commission of a Narcotics Offense (Count 22) in violation of 18 U.S.C. § 924(c)(1)(A). (*See* Jan. 31, 2005 Min. Entry (Dkt. 322); Eddie Pressley Judgment (Dkt. 363); Superseding Indictment (Dkt. 223).) On June 9, 2005, the court sentenced Mr. Pressley to 292 months of imprisonment on Count 1 and 60 months of imprisonment on Count 22, to run consecutively with Count 1. (*See* Eddie Pressley Judgment.) The court also sentenced Mr. Pressley to five years of supervised release. (*See id.*)

B. Robert Price

On February 18, 2005, a jury convicted Mr. Price on three counts of the Superseding Indictment: Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and Heroin (Count 1) in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 841(b)(1)(A)(iii), Possession with Intent to Distribute Heroin (Count 21) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Use of a Firearm During the Commission of a Narcotics Offense (Count 22) in violation of 18 U.S.C. § 924(c)(1)(A). (*See* Verdict Sheet (Dkt. 334); Superseding Indictment.) On May 20, 2005, the court sentenced Mr. Price to concurrent sentences of life imprisonment on Counts 1 and 21, and five years of imprisonment on Count 22, to be followed by five years of supervised

release. (*See* Robert Price Judgment (Dkt. 338).) On appeal, the Second Circuit affirmed Mr. Price's conviction, but reversed the imposition of a life sentence for Count 21 and remanded the case for resentencing on that count. *See United States v. Price*, 204 F. App'x 993, 995 (2d Cir. 2006). On September 23, 2009, the court resentenced Mr. Price to life imprisonment on Count 1, 240 months of imprisonment on Count 21, and 60 months of imprisonment on Count 22, with the terms of imprisonment for Counts 21 and 22 to run concurrently with that of Count 1. (*See* Amended Judgment (Dkt. 571).) The court also sentenced Mr. Price to five years of supervised release for each count, all running concurrently with one another. (*Id.*)

## II. THE FIRST STEP ACT

In 2010, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, Stat. 2372, 2372 (codified at 21 U.S.C. § 841(b)(1)), which increased the drug quantity that triggered a mandatory-minimum ten-year sentence from 50 grams of cocaine base to 280 grams of cocaine base. Section 404(b) of the First Step Act allows a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act, PL 115-391, 132 Stat 5194. Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.* Sentence reductions under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which provides courts with the authority to "modify an imposed term of imprisonment to the extent . . . expressly permitted by statute." *See United States v. Martinez*, No. 04-CR-48-20 (JSR), 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019).[3]

---

[3] However, "[s]ection 3582(c)(1)(B) is . . . not itself a source of authority for sentence modifications, nor does it delineate the scope of what the district court should consider when resentencing is authorized by another provision."

3

Mr. Price notes, and courts in this district have acknowledged, that the First Step Act "reflects an acknowledgement that prior sentencing regimes for drug offenses were unduly harsh and disparately impacted certain communities." (Price Mot. at 2.) "Both" the Fair Sentencing Act and the First Step Act "favor sending fewer people to prison, imposing shorter sentences for drug crimes, and reducing the sentencing disparity between crack and powder cocaine offenses." *United States v. Simons*, 375 F. Supp. 3d 379, 382 (E.D.N.Y. 2019); *see also United States v. Williams*, No. 03-CR-795 (SJF), 2019 WL 3842597, at *2-3 (E.D.N.Y. Aug. 15, 2019); *United States v. Martin*, No. 03-CR-795 (ERK), 2019 WL 2571148, at *1 (E.D.N.Y. June 20, 2019).

## III. DISCUSSION

### A. Defendants' Eligibility for a Reduction under the First Step Act

As an initial matter, the court must decide whether the Defendants are eligible for sentence reductions under the First Step Act. Defendants argue that they are eligible for a reduction because they were each convicted of violating 21 U.S.C. § 841(b)(1)(A), the statutory penalties for which were modified by the Fair Sentencing Act. (Pressley Mot. at 4; Price Mot. at 2.) This, according to Defendants, means that each of them was convicted of a "covered offense" under § 404(a) of the First Step Act. (Pressley Mot. at 4; Price Mot. at 2) The Government, however, contends that Defendants are not eligible for a sentence reduction under the First Step Act because "the sentencing exposure for [their] conduct has not changed." (Gov't Opp. to Price at 3 (citing *United States v. Kamber*, No. 09-CR-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019); *see also* Gov't Opp. to Pressley at 2 (same).)

---

*United States v. Rose*, 379 F. Supp. 3d 223, 232 (S.D.N.Y. 2019). Therefore, "any substantive limit on the district court's ability to grant a modification under § 3582(c)(1)(B) must be set by . . . [the] external authority that allows for the modification." *Id.* Here, the "external authority" is the First Step Act itself. The scope of the court's authority under the First Step Act is discussed below in section III.B.

4

The weight of authority supports Defendants' interpretation. "[T]he majority of district court cases in this Circuit" have found "that a defendant is eligible for relief under the First Step Act based upon his offense of conviction, as opposed to his actual conduct." *Williams*, 2019 WL 3842597, at *3; *see also United States v. Bowman*, No. 92-CR-392 (LAP), 2020 WL 470284, at *2 (S.D.N.Y. Jan. 29, 2020); *United States v. Williams*, No. 03-CR-1334 (JPO), 2019 WL 2865226, at *2 (S.D.N.Y. July 3, 2019); *United States v. Martin*, No. 03-CR-795 (ERK), 2019 WL 2571148, at *2 (E.D.N.Y. June 20, 2019); *Rose*, 379 F. Supp. 3d at 228-31. Decisions from other circuits also favor Defendants' interpretation. *See United States v. White*, No. 99-CR-628-04, 2019 WL 3228335, at *2 (S.D. Tex. July 17, 2019) (collecting over 40 cases across the nation that agree with Mr. Price's interpretation of "covered offense").

In her well-reasoned and comprehensive opinion in *Rose*, Judge Caproni engaged with the same argument the government presents here, that a defendant's eligibility under the First Step Act is predicated on the defendant's actual conduct rather than his crime of conviction. (*See* Gov't Opp. to Pressley at 2; Gov't Opp. to Price at 3); *see also Rose*, 379 F. Supp. 3d at 228. Judge Caproni determined that the "Government's approach misreads the text of the First Step Act, undermines the purpose of the Act, and is inconsistent with the decisions of the vast majority of courts that have decided this issue." *Rose*, 379 F. Supp. 3d at 228. Her thorough explanation merits a lengthy quotation:

> The Government's reading of § 404(a) depends on two erroneous interpretative choices. First, the Government construes the dependent clause, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" (hereinafter "penalties clause"), as modifying the noun "violation," rather than modifying the phrase "Federal criminal statute." Next, the Government construes "violation" to mean the actual conduct underlying the offense, rather than the elements of the offense.
>
> When given its most natural reading, the "penalties" clause modifies the adjacent noun phrase, "Federal criminal statute." As a general

5

principle, courts interpret the text of criminal statutes in a manner consist with "ordinary English grammar" and rules of usage. One such rule is that a modifier is presumed to apply to the noun or pronoun closest to it. Here, the "penalties" clause is most naturally read as modifying "Federal criminal statute," the noun phrase immediately next to it. Indeed, Congress appears to have deliberately inserted "Federal criminal statute" after the word "violation" and added the word "statutory" before the word "penalties" to achieve this exact result. If the Government's interpretation were correct, Congress could have straightforwardly legislated that result by omitting from § 404(a) the phrase "Federal criminal statute," which is already implied by the reference to the Fair Sentencing Act, and the adjective "statutory" before the noun "penalties." Section 404(a) would then have read: "the term 'covered offense' means a violation, the penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." But that is not what Congress did. Instead, it inserted two otherwise unnecessary references to federal statutes, making clear that eligibility is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct.

. . .

Second, even if the dependent clause could be construed as modifying "violation," it is at least ambiguous whether "violation" refers to the elements of the statute of conviction or the offense conduct. That ambiguity must be resolved in the defendant's favor. Both the Fair Sentencing Act and the First Step Act have the remedial purpose of mitigating the unfairness created by the crack-to-powder cocaine ratio, and the statutes should be construed in favor of broader coverage.

. . .

Construing § 404(a) in favor of broader eligibility would also be consistent with the rule of lenity, which is of particular concern here because of the potential unfairness of using offense conduct to exclude defendants from eligibility. Prior to the Fair Sentencing Act, defendants had less reason to contest Government assertions that they were responsible for quantities of crack cocaine above the 50-gram threshold, as those quantities were unlikely to make a significant difference during sentencing given the high statutory minimums. To preclude defendants from seeking relief on the basis of facts that may have had little significance at the time they were

6

> determined would be draconian and contrary to the remedial
> purpose of the First Step Act.

*Rose*, 379 F. Supp. 3d at 228-30 (citations omitted).

The court agrees with Judge Caproni and joins the chorus of district courts to hold that eligibility under § 404 of the First Step Act is based on the crime of conviction and not a defendant's actual conduct. Both Mr. Price and Mr. Pressley were convicted of violating 21 U.S.C. § 841(b)(1)(A), the statutory penalties for which were modified by the Fair Sentencing Act. They are both therefore eligible for a sentence reduction under the First Step Act.

B.     **Reduction of Sentence**

Defendants' eligibility to be resentenced under the First Step Act does not require the court to grant their motions. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). "The text of the First Step Act, read in conjunction with other sentencing statutes, requires the Court to consider all relevant facts, including developments since the original sentence." *Rose*, 379 F. Supp. 3d at 233.[4] "In exercising its discretion as to whether or not resentence [Defendants], the [c]ourt considers [the] 18 U.S.C [§] 3553(a) factors and [Defendants'] post-conviction conduct." *Bowman*, 2020 WL 470284, at *2.

Based on a review of the motion papers and the attached exhibits, the court GRANTS both Defendants' motions to reduce their respective sentences. The court will hold a separate, in-person hearing for each defendant prior to imposing reduced sentences under the First Step Act.

---

[4] *But see United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019) ("The district court decides on a new sentence [under the First Step Act] by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act"). The Second Circuit has yet to rule on this issue and, despite the Fifth Circuit's ruling in *Hegwood*, the court is persuaded by *Rose* and the other district courts in this circuit that have ruled to the contrary. *See, e.g., Rose* 379 F. Supp. 3d at 233-35 (citing *Pepper v. United States*, 562 U.S. 476, 480 (2011)).

## IV. CONCLUSION

For the reasons stated above, Mr. Price's (Dkt. 791) Motion to Reduce Sentence and Mr. Pressley's (Dkt. 784) Motion to Reduce Sentence and (Dkt. 795) Supplemental Motion to Reduce Sentence (Dkt. 795) are GRANTED. Additionally, Mr. Pressley's (Dkt. 788) Motion to Appoint Counsel is DENIED as moot. The Parties are directed to contact the court's deputy to schedule the resentencing hearings.

SO ORDERED.

Dated: Brooklyn, New York
February 29, 2020

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge